DIRECTOR OF BUREAU OF WORKERS' DISABILITY
COMPENSATION v DURANT ENTERPRISES, INC

Docket No. 132348. Submitted April 15, 1992, at Lansing. Decided
April 28, 1992; approved for publication September 3, 1992, at
9:00 A.M.

The director of the Bureau of Workers' Disability Compensation
and others brought an action in the Ingham Circuit Court
against Durant Enterprises, Inc., seeking a declaration that
Durant was liable for workers' disability compensation owed by
its subsidiary, Hamady Bros. Food Markets, Inc. The court,
Carolyn Stell, J., granted the plaintiffs summary disposition,
finding Durant liable pursuant to a guarantee given to the
Bureau of Workers' Disability Compensation by Durant when
Hamady was permitted to be a self-insurer. Durant appealed.

The Court of Appeals held:

The trial court properly determined that Durant was liable
pursuant to its guarantee. There are no words of limitation or
restrictions in the guarantee that conflict with the court's
interpretation.

Affirmed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Caleb B. Martin, Jr.*, Assistant Attorney General, for the plaintiffs.

Before: CAVANAGH, P.J., and CONNOR and R. J. SNOW,* JJ.

PER CURIAM. In this action for declaratory relief, defendant appeals from the trial court's order of summary disposition granted pursuant to MCR 2.116(C)(10). Defendant contends that the trial court erred in finding that it had defaulted on its

_____

* Former circuit judge, sitting on the Court of Appeals by assignment.

contractual guarantees and that it had to specifically perform by making prompt and full payment of all of its workers' disability compensation liability arising under the Workers' Disability Compensation Act. MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* We affirm.

The director of the Bureau of Workers' Disability Compensation agreed that Hamady Bros. Food Markets, Inc., defendant's subsidiary, could be a self-insurer if defendant would act as a guarantor. Consequently, defendant executed a document guaranteeing the "prompt and full payment of all liability of Hamady Bros. Food Markets, Inc., arising under and by virtue of 1969 PA 317 commonly known as the Michigan Workers' Disability Compensation Act of 1969." The document further provided that the "guarantee inures to the benefit of and may be enforced by any and all employees of said Hamady Bros. Food Markets, Inc. having a claim against it under said Act, or by the State of Michigan, Department of Labor, Bureau of Workers' Disability Compensation, for the benefit of any such employee or employees of said Hamady Bros, Food Markets, Inc."

In 1989, when Hamady stopped paying its disabled employees their benefits pursuant to a plan of reorganization approved by the United States Bankruptcy Court, the director requested that defendant honor its guarantee to pay such benefits. When the defendant declined, the director filed this lawsuit, alleging that defendant's refusal to honor its guarantee was a breach of its contractual duty to promptly pay all workers' compensation liability of Hamady.

While the suit was pending, payments of disability benefits to Hamady employees were made through the Self-Insurers' Security Fund (SISF) under the provisions of MCL 418.537; MSA

17.237(537). The SISF is required by this statute to pay the disability benefits of insolvent employers.

On April 25, 1990, plaintiffs filed a motion for summary disposition, arguing that there was no genuine issue of fact and they were entitled to prevail because defendant had admitted during discovery the validity of the guaranty. In response, defendant claimed that a settlement agreement entered into between the SISF and the Hamady unsecured creditor's committee had satisfied all of Hamady's indebtedness under the act. On May 2, 1990, the trial court granted plaintiffs' motion for summary disposition and ordered defendant to "make prompt and full payment of all workers' compensation liability of Hamady Bros. arising under the Workers' Disability Compensation Act."

On appeal, defendant now argues that the trial court erred in ordering the prompt and full payment of all workers' compensation liability without limiting, as did the guaranty, those entities or individuals who may enforce, and be benefited by, the guaranty. According to defendant, the part of the contract explaining that the "guarantee inures to the benefit of and may be enforced by any and all employees of said Hamady Bros. Food Markets, Inc. having a claim against it under said Act, or by the State of Michigan, Department of Labor, Bureau of Workers' Disability Compensation, for the benefit of any such employee or employees of said Hamady Bros. Food Markets, Inc.," is a limiting provision that was not addressed by the trial court. Apparently, defendant's interpretation of this provision would block any recovery by the SISF because the SISF was not listed as an entity that could enforce or be benefited by the guaranty. We disagree.

When interpreting a contract, summary disposi-

tion is proper absent any offer of proof giving rise to issues of fact. *Burroughs Corp v Detroit,* 18 Mich App 668, 674-675; 171 NW2d 678 (1969). In this case, there are no issues of fact that would preclude the entry of summary judgment and there are no words of limitation in the contract that would conflict with the trial court's interpretation. The defendant guaranteed the "prompt and full payment of all liability," language that in our opinion is absolute and unqualified. The agreement then goes on to list the beneficiaries in a manner that we cannot interpret as restrictive or exclusive. For these reasons, we find no error.

Affirmed.